993 F.2d 1551
 62 Fair Empl.Prac.Cas. (BNA) 1432
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dorothy GULIFORD, Plaintiff-Appellant,
v.
BEECH AIRCRAFT CORPORATION, Defendant-Appellee.
 No. 91-3364.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1993.
 
 Before LOGAN and KELLY, Circuit Judges, and ALLEY, District Judge.*
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 Plaintiff Dorothy M. Guliford appeals from a judgment entered in favor of defendant Beech Aircraft Corporation, after a bench trial of her Title VII action alleging race discrimination and retaliation in violation of 42 U.S.C. §§ 2000e-2(a)(1), -3(a). The issues at trial were limited to plaintiff's claims of race discrimination based upon being transferred, disqualified or demoted from inspector positions on three occasions, and her claim of retaliation based on her allegations that after she filed her race discrimination charge she was denied a promotion and removed from an inspector position a third time.
 
 
 2
 The district court found that plaintiff failed to establish a prima facie case of race discrimination with regard to defendant's decisions to demote her from inspector positions in August 1988, February 1989, and August 1989, in that she did not prove she was qualified to hold those jobs. The district court also ruled that plaintiff failed to establish that defendant's evidence of legitimate, nondiscriminatory reasons for its employment decisions on those three occasions was pretextual. On plaintiff's retaliation claim, the district court determined that plaintiff established a prima facie case based on the temporal proximity of her discrimination charge, defendant's subsequent failure to promote her, and its removal of her from an inspector's position for the third time. However, the district court concluded that plaintiff failed to demonstrate that defendant's articulated reasons for that action were pretextual and otherwise did not carry her ultimate burden of proving intentional discrimination.
 
 
 3
 Plaintiff argues on appeal that the district court's decisions are not supported by substantial and competent evidence and misapply the applicable law. We must affirm the district court's fact findings unless we believe they are clearly erroneous. Higgins v. State of Oklahoma ex rel. Oklahoma Employment Security Commission, 642 F.2d 1199, 1202 (10th Cir.1981). If the district court's findings are permissible in light of the evidence we will not reverse even if we believe the evidence could be weighed differently. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573-74 (1985); Dowell v. United States, 553 F.2d 1233, 1235 (10th Cir.1977); Fed.R.Civ.P. 52(a).
 
 
 4
 We have considered the arguments in plaintiff's brief and examined those portions of the trial transcript submitted to the court by the parties as the appellate record. After this review we are satisfied that the findings of fact are supported by the record, and that the district court properly analyzed the relevant issues and correctly applied the law. Defendant afforded plaintiff numerous opportunities to succeed in inspector positions over and above those provided to other similarly situated employees.
 
 
 5
 We therefore AFFIRM the district court's judgment in favor of defendant for substantially the reasons stated in its Memorandum and Order filed October 25, 1991.
 
 
 
 *
 The Honorable Wayne E. Alley, United States District Judge for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3